UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WILKINS, SR.,

        Plaintiff,

v.                                     CASE NO. 2:05-CV-74797-DT
                                     HONORABLE BERNARD A. FRIEDMAN

H. J. MARBERRY,

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Michael Wilkins, Sr., is a federal inmate. He has filed a *pro se* complaint under 42 U.S.C. § 1983.[1] Defendant H. J. Marberry is the warden at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), where Plaintiff was confined when he filed this lawsuit.[2] Because Defendant is a federal employee, the Court construes the complaint as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under *Bivens*, "private citizens may 'recover money damages for any injuries [they] have] suffered as a result of [a federal agent's] violation of the [Constitution.].'" *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (quoting *Bivens*, 403 U.S. at 397) (alterations in

---

[1] The Court initially dismissed the complaint in the belief that Plaintiff had failed to comply with an order to either prepay the filing fee or apply for leave to proceed without prepayment of the fees and costs for this action. Plaintiff subsequently cured the procedural deficiency, and the case was re-opened.

[2] Federal records indicate that Plaintiff currently is confined at the Metropolitan Correctional Center in Chicago.

original).

The complaint alleges that, in February of 2005, Plaintiff was transferred from a federal prison in Wisconsin to FCI-Milan. While in transit, he spent nine days in disciplinary segregation at a prison in Terre Haute, Indiana, and, upon arrival at FCI-Milan, he was confined in disciplinary segregation for twenty-one days.

Plaintiff alleges that his confinement in disciplinary segregation violated his institutional rights and his constitutional right not to be subject to cruel and unusual punishment. He claims that he did not commit a disciplinary infraction. In addition, his confinement in segregation resulted in the loss of certain privileges, such as making telephone calls, attending religious services, and using the commissary five days per week. Furthermore, he was restricted to his cell for twenty-three hours a day, he was required to wear an orange jumpsuit, which separates disciplinary inmates from regular inmates, and his visitation privileges were restricted. Plaintiff seeks a reduction in his sentence or $100.00 per day for each day spent in segregation.

## II. Discussion

### A. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915 (e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490,

U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

To successfully establish a *prima facie* case under *Bivens*, Plaintiff must show that the defendant acted under color of law and deprived him of a federal right. *See Block v. Ridar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Although defendant Marberry acts under color of law when performing her official duties, the Court has concluded for reasons given below that Ms. Marberry did not deprive Plaintiff of a federal constitutional right, privilege, or immunity.

### B. Cruel and Unusual Punishment

Petitioner alleges that his constitutional right not to be treated cruelly or given unusual and unfair punishment was violated by being placed in disciplinary segregation for thirty days. He states that he did not commit a disciplinary infraction.

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. CONST. Amend. VIII. "Confinement . . . in an isolation cell is a form of punishment subject to scrutiny under Eighth Amendment standards," but

> every decision to remove a particular inmate from the general prison population for an indeterminate period could not be characterized as cruel and unusual. If new conditions of confinement are not materially different from those affecting other prisoners, a transfer for the duration of a prisoner's sentence might be completely unobjectionable and well within the authority of the prison administrator. *Cf. Meachum v. Fano*, 427 U.S. 215 [    ]. It is equally plain, however, that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards.

*Hutto v. Finney*, 437 U.S. 678, 685 (1978). A thirty-day limit on sentences to punitive isolation is acceptable. *See id.* at 688.

Plaintiff was confined in disciplinary segregation for no more than thirty days, and although his privileges were restricted, the facts as alleged do not suggest intolerably cruel conditions. The Court therefore concludes that Plaintiff's confinement in disciplinary segregation for thirty days did not amount to cruel and unusual punishment under the Eighth Amendment.

### C. Due Process

To the extent that Plaintiff is making an argument under the Due Process Clause, his claim lacks an arguable basis in law. Prisoners possess "no inherent constitutional right to placement . . . in any particular section within the prison system." *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir. 1995). In fact, the Supreme Court has "rejected the notion that '*any* change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause.'" *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (quoting *Meachum v. Fano*, 427 U.S. at 224) (emphasis in original). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montayne v. Haymes*, 427 U.S. 236, 242 (1976).

Exhibits to the complaint reveal that Plaintiff was placed in administrative detention at FCI-Milan either because there was insufficient bed space in the general population or because staff was exercising its discretion in managing the prison population. Plaintiff was released to general population when a bed became available or when it was determined that placement in the general population was appropriate.

Even if Plaintiff was subject to disciplinary-like conditions while in administrative detention, "the imposition of sanctions in prison does not automatically trigger due process protections." *Williams,* 63 F.3d at 485. A prisoner possesses a protected liberty interest only if the restriction or deprivation imposed constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The Supreme Court held in *Sandin* that placement in disciplinary segregation for thirty days "did not work a major disruption in [Sandin's] environment" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486.

Moreover, "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms,* 459 U.S. 460, 468 (1983). Because prison officials sometimes use segregation "simply to await later classification or transfer," segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Id.*

In light of *Sandin* and *Helms*, Plaintiff was not deprived of a protected liberty interest when he was held in administrative detention for thirty days. "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Thompson*, 490 U.S. at 460).

### III. Conclusion

Plaintiff's claims lack an arguable basis in law. Therefore, his complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order

would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                                   s/Bernard A. Friedman
                                                   BERNARD A. FRIEDMAN
                                                   CHIEF UNITED STATES DISTRICT JUDGE

Dated:  August 10, 2006